# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHINEHART, | CASE NO. 1:09-cv-00411-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. HARRINGTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Michael Rhinehart, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II. Summary of Plaintiff's Complaint

### A. Allegations

Plaintiff, who is currently incarcerated at Salinas Valley State Prison, brings this action against Warden K. Harrington and Appeals Coordinator D. Tarnoff for violating his rights while he was at Kern Valley State Prison. Plaintiff seeks damages and an injunction requiring Warden Harrington to cease retaliating against Plaintiff. Because Plaintiff is no longer housed at Kern Valley, his request for injunctive relief is moot and he may seek only damages as relief. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

On September 11, 2008, Plaintiff, who was housed on Facility A at the time, was transported for a court appearance. When he returned to the prison on October 8, 2008, he was housed on Facility D, considered by prison officials to be a "trouble facility" which housed problem prisoners. Plaintiff objected to the housing change and tried repeatedly to appeal the decision, only to have his appeals returned unprocessed.

Plaintiff alleges that when he was housed on Facility A, he filed four appeals, and that he was rehoused on Facility D in retaliation for filing complaints against peace officers. Plaintiff alleges that he sent Defendant Harrington three different appeals and a personal letter via confidential legal mail, but he ignored Plaintiff's pleas to stop the harassment and retaliation. Plaintiff alleges that Defendant Tarnoff refused to process more than ten of his appeals. Plaintiff also alleges that every senior prison official he has written to, including Associate Warden Wood and the Director of the California Department of Corrections and Rehabilitation, has refused to intervene.

### B. First Amendment Retaliation Claim

Plaintiff does not have a constitutionally protected right to be housed in a particular housing unit or to a grievance procedure. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, the Constitution does protect prisoners from being retaliated against for exercising their First Amendment rights, including filing prison grievances. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

If Plaintiff was transferred to a less desirable facility at the prison to punish him for filing inmate appeals against prison staff, he may be able to state a cognizable claim for retaliation, assuming the absence of *any* legitimate penological purpose for the facility change. Rhodes, 408 F.3d at 567-68; Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995). However, only those responsible for the retaliatory housing assignment may be held liable under section 1983. Iqbal, 129 S.Ct. at 1948-49. Supervisory personnel may not be held accountable to the actions of their subordinates based merely on their positions of authority. Id.

There are no allegations indicating that Defendant Harrington or Defendant Tarnoff was involved in the decision to rehouse Plaintiff. Therefore, Plaintiff fails to state a claim against them. Further, the bare allegation that Defendant Tarnoff refused to process Plaintiff's appeal is insufficient to support a claim. Plaintiff will be permitted one opportunity to file an amended complaint.

### III. Conclusion and Order

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff one opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 4, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 10, 2010**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE