# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHINEHART, | CASE NO. 1:09-cv-00411-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. HARRINGTON, et al., | (Doc. 8) |
| Defendants. | |

**Screening Order**

**I.  Screening Requirement**

Plaintiff Michael Rhinehart, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2009. On December 10, 2010, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. Plaintiff filed an amended complaint on January 6, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.     Summary of Plaintiff's Amended Complaint

### A.     Allegations

Plaintiff, who is currently incarcerated at Salinas Valley State Prison, brings this action against Lieutenant Carbrea, Correctional Officer Torres, and Captain Garcia for violating his rights while he was at Kern Valley State Prison. Plaintiff seeks damages and an injunction requiring prison officials to cease retaliating against him. Because Plaintiff is no longer housed at Kern Valley, his request for injunctive relief is moot and he may seek only damages as relief. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff alleges that on September 4, 2008, Defendants Carbrea and Torres forced him to go "out to court" by threatening to send him to administrative segregation if he did not go to receiving and release.[1] Defendant Torres then confiscated Plaintiff's property, which was never returned. Plaintiff alleges that he was later transferred to a more adverse housing facility in retaliation for filing complaints against Defendants Carbrea and Torres. Plaintiff complained to Defendant Garcia that he was transferred to that facility out of retaliation, but Captain Garcia refused to send him back even though he had the authority to do so.

///

---

[1] Transferred out of the prison for a court appearance.

### B. First Amendment Retaliation Claim

Plaintiff does not have a constitutionally protected right to be housed in a particular housing unit. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). However, the Constitution does protect prisoners from being retaliated against for exercising their First Amendment rights, including filing prison grievances. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's amended complaint fails to set forth any facts linking Defendants Carbrea, Torres, and Garcia to allegedly retaliatory housing facility transfer. Iqbal, 129 S.Ct. at 1949-50. The allegation that Defendant Garcia failed to transfer Plaintiff to another facility after he complained about the transfer does not allow for the imposition of liability on Garcia for the earlier, allegedly retaliatory housing assignment decision. Id. at 1948-49. Further, Plaintiff's amended complaint is devoid of any facts supporting the claim that he was transferred to a less desirable facility because he filed a grievance against Defendants Carbrea and Torres and in the absence of any legitimate penological interest. Rhodes, 408 F.3d at 567-68; Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995). Accordingly, Plaintiff fails to state a claim.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies in his claim and given the opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Further leave to amend is not warranted. Id.

///
///
///
///

1 | This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim.

5 | IT IS SO ORDERED.

6 | **Dated:   January 10, 2011**              /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE